MICHAEL C. SULLIVAN (SBN 131817)
msullivan@paulplevin.com
**PAUL, PLEVIN, SULLIVAN & CONNAUGHTON LLP**
101 West Broadway, Ninth Floor
San Diego, California 92101-8285
Telephone: 619-237-5200
Facsimile: 619-615-0700

Attorneys for Defendants San Diego
Unified School District; Cindy Marten

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| R.M. a Minor, by and through her Guardian Ad Litem ROBIN FUJITA MELCHIOR,<br><br>Plaintiff,<br><br>v.<br><br>SAN DIEGO UNIFIED SCHOOL DISTRICT, a public entity; CINDY MARTEN in her official capacity as Superintendent of San Diego Unified School District, DOES 1-10,<br><br>Defendants. | Case No. 20CV0369 MMA-DEB<br><br>**DEFENDANT CINDY MARTEN'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>Judge: Hon. Michael M. Anello<br>Crtrm.: 3D<br>Mag. Daniel E. Butcher<br>Crtrm: 3A<br>Trial Date: Not Set |

Defendant Cindy Marten ("Defendant") answers the Complaint ("Complaint") filed by Plaintiff R.M. a Minor by and through her Guardian Ad Litem Robin Fujita Melchior ("Plaintiff") as follows:

## **INTRODUCTION**

1. Defendant admits that Plaintiff is currently 17 years old and was enrolled as a student at Scripps Ranch High School in the San Diego Unified School District ("SDUSD" or "District") during the 2019-2020 academic year. Defendant denies all other allegations in Paragraph 1.

///

2. Paragraph 2 contains no factual allegations requiring an answer by Defendant. To the extent this Paragraph contains any factual allegations requiring a response, Defendant denies all such allegations.

3. Defendant denies the allegations in Paragraph 3.

4. Defendant denies the allegations in Paragraph 4.

5. To the extent that Paragraph 5 contains statements of law, it requires no response. Defendant denies the remainder of the allegations of Paragraph 5.

6. Paragraph 6 contains no factual allegations requiring an answer by Defendant. To the extent this Paragraph contains any factual allegations requiring a response, Defendant denies all such allegations.

**JURISDICTION**

7. Paragraph 7 contains no factual allegations requiring an answer by Defendant. To the extent this Paragraph contains any factual allegations requiring a response, Defendant denies all such allegations.

**VENUE**

8. Paragraph 8 contains no factual allegations requiring an answer by Defendant. To the extent this Paragraph contains any factual allegations requiring a response, Defendant denies all such allegations.

**PARTIES**

*Plaintiff*

9. Defendant admits that Plaintiff is currently 17 years old and was enrolled as a 12th-grade student at Scripps Ranch High School during the 2019-2020 academic year. Defendant admit that Scripps Ranch High School is within the San Diego Unified School District. Defendant lacks sufficient information to admit or deny the remaining allegations in Paragraph 9, and on that basis denies all other allegations in Paragraph 9.

10. To the extent that Paragraph 10 contains statements of law, it requires no response. Defendant is without sufficient knowledge or information to form a

belief as to the remaining allegations in Paragraph 10, and, on that basis, denies the remaining allegations in Paragraph 10.

11. Defendant is without sufficient knowledge or information to form a belief as to the allegations in Paragraph 11, and, on that basis, denies the allegations in Paragraph 11.

12. Defendant admits that Plaintiff was a student at Scripps Ranch High School, which is within the geographical boundary of the District, until she graduated in the Spring of 2020. Defendant denies all other allegations in Paragraph 12.

13. Paragraph 13 requires no response from Defendant.

### *Defendants*

**San Diego Unified School District**

14. Defendant admits the allegations in Paragraph 14.
15. Defendant admits the allegations in Paragraph 15.
16. Defendant admits the allegations in Paragraph 16.
17. Defendant admits the allegations in Paragraph 17.
18. Defendant denies the allegations in Paragraph 18.
19. Defendant admits that Scripps Ranch High School is one of the high schools run by the District. Defendant is without sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 19, and, on that basis, denies the remaining allegations in Paragraph 19.
20. Defendant admits that SDUSD is a school district conducting business in the state of California. To the extent this Paragraph contains any other factual allegations requiring a response, Defendant denies all such allegations.

**Cindy Marten as Superintendent of the District**

21. Defendant admits that she is the Superintendent of SDUSD, and has oversight responsibility for the planning, implementation, and management of the educational and operational programs of the District. Defendant denies all other

allegations in Paragraph 21.

**Doe Defendants**

22. Defendant is without sufficient knowledge or information to form a belief as to the allegations in Paragraph 22, and, on that basis, denies the allegations in Paragraph 22.

**Defendants Generally**

23. Defendant is without sufficient knowledge or information to form a belief as to the allegations in Paragraph 23, and, on that basis, denies the allegations in Paragraph 23.

24. Paragraph 24 requires no response from Defendant.

## FACTS APPLICABLE TO ALL CLAIMS

25. Defendant admits Plaintiff was a senior at Scripps Ranch High School during the 2019-2020 academic year. Defendant admits that Scripps Ranch High School is a public school within the District, located at 10410 Falcon Way in San Diego, California.

26. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 26, and on that basis denies the allegations in Paragraph 26.

27. Defendant admits the allegations in Paragraph 27.

28. Defendant admits that Michel Sproles was one of the coaches for the Scripps Ranch High School track and field team during the 2019 and 2020 seasons. Defendant is without sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 28, and, on that basis, denies the remaining allegations in Paragraph 28.

29. Defendant is without sufficient knowledge or information to form a belief as to the allegations in Paragraph 29, and on that basis denies all other allegations in Paragraph 29.

30. Defendant is without sufficient knowledge or information to form a belief as to the allegations in Paragraph 30, and, on that basis, denies the allegations

PAUL, PLEVIN, SULLIVAN & CONNAUGHTON LLP

4

Case No. 20CV0369 MMA-DEB

in Paragraph 30.

31. Defendant is without sufficient knowledge or information to form a belief as to the allegations in Paragraph 31, and, on that basis, denies the allegations in Paragraph 31.

32. Defendant is without sufficient knowledge or information to form a belief as to the allegations in Paragraph 32, and, on that basis, denies the allegations in Paragraph 32.

33. Defendant is without sufficient knowledge or information to form a belief as to the allegations in Paragraph 33, and, on that basis, denies the allegations in Paragraph 33.

34. Defendant denies the allegations in Paragraph 34.

35. Defendant denies the allegations in Paragraph 35.

36. Defendant denies the allegations in Paragraph 36.

37. The allegations in Paragraph 37 are vague as to time. Defendant is without sufficient knowledge or information to form a belief as to the allegations in Paragraph 37, and, on that basis, denies the allegations in Paragraph 37.

38. Defendant is without sufficient knowledge or information to form a belief as to the allegations in Paragraph 38, and, on that basis, denies the allegations in Paragraph 38.

39. Defendant is without sufficient knowledge or information to form a belief as to the allegations in Paragraph 39, and, on that basis, denies the allegations in Paragraph 39.

40. Defendant is without sufficient knowledge or information to form a belief as to the allegations in Paragraph 40, and, on that basis, denies the allegations in Paragraph 40.

41. Defendant is without sufficient knowledge or information to form a belief as to the allegations in Paragraph 41, and, on that basis, denies the allegations in Paragraph 41.

42. Defendant is without sufficient knowledge or information to form a belief as to the allegations in Paragraph 42, and, on that basis, denies the allegations in Paragraph 42.

43. Defendant is without sufficient knowledge or information to form a belief as to the allegations in Paragraph 43, and, on that basis, denies the allegations in Paragraph 43.

44. Defendant is without sufficient knowledge or information to form a belief as to the allegations in Paragraph 44, and, on that basis, denies the allegations in Paragraph 44.

45. Defendant is without sufficient knowledge or information to form a belief as to the allegations in Paragraph 45, and, on that basis, denies the allegations in Paragraph 45.

46. Defendant denies the allegations in Paragraph 46.

47. Defendant is without sufficient knowledge or information to form a belief as to the allegations in Paragraph 47, and, on that basis, denies the allegations in Paragraph 47.

48. Defendant is without sufficient knowledge or information to form a belief as to the allegations in Paragraph 48, and, on that basis, denies the allegations in Paragraph 48.

49. Defendant denies the allegations in Paragraph 49.

50. Defendant is without sufficient knowledge or information to form a belief as to the allegations in Paragraph 50, and, on that basis, denies the allegations in Paragraph 50.

51. Defendant is without sufficient knowledge or information to form a belief as to the allegations in Paragraph 51, and, on that basis, denies the allegations in Paragraph 51.

52. Defendant is without sufficient knowledge or information to form a belief as to the allegations in Paragraph 52, and, on that basis, denies the allegations

in Paragraph 52.

52. Defendant is without sufficient knowledge or information to form a belief as to the allegations in Paragraph 53, and, on that basis, denies the allegations in Paragraph 53.

54. Defendant is without sufficient knowledge or information to form a belief as to the allegations in Paragraph 54, and, on that basis, denies the allegations in Paragraph 54.

55. Defendant denies that Scripps Ranch High School lacks an accessible restroom. Defendant is without sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 55, and, on that basis, denies the remaining allegations in Paragraph 55.

56. Defendant is without sufficient knowledge or information to form a belief as to the allegations in Paragraph 56, and, on that basis, denies the allegations in Paragraph 56.

57. Defendant is without sufficient knowledge or information to form a belief as to the allegations in Paragraph 57, and, on that basis, denies the allegations in Paragraph 57.

58. Defendant is without sufficient knowledge or information to form a belief as to the allegations in Paragraph 58, and, on that basis, denies the allegations in Paragraph 58.

59. Defendant denies the allegations in Paragraph 59.

60. Defendant is without sufficient knowledge or information to form a belief as to the allegations in Paragraph 60, and, on that basis, denies the allegations in Paragraph 60.

61. Defendant denies the allegations in Paragraph 61.

62. Defendant denies the allegations in Paragraph 62.

63. Defendant denies the allegations in Paragraph 63.

///

**COMPLIANCE WITH GOVERNMENT CLAIMS REQUIREMENTS**

64. Defendant admits the allegations in Paragraph 64.

**FIRST CLAIM FOR RELIEF**

**The Americans with Disabilities Act**

**U.S.C. §§ 12101, *et. seq*.**

**(By Plaintiff Against All Defendants)**

65. Defendant incorporates by reference her response to Paragraphs 1 through 64 of the Complaint.

66. Paragraph 66 alleges a conclusion of law, which requires no response from Defendant.

67. Paragraph 67 alleges a conclusion of law, which requires no response from Defendant.

68. Defendant admits the allegations in Paragraph 68.

69. Defendant is without sufficient knowledge or information to form a belief as to the allegations in Paragraph 69, and, on that basis, denies the allegations in Paragraph 69.

70. Defendant denies the allegations in Paragraph 70.

    a. Defendant denies the allegations in Subparagraph a.

    b. Defendant denies the allegations in Subparagraph b.

    c. Defendant denies the allegations in Subparagraph c.

    d. Defendant denies the allegations in Subparagraph d.

    e. Defendant denies the allegations in Subparagraph e.

    f. Defendant denies the allegations in Subparagraph f.

    g. Defendant denies the allegations in Subparagraph g.

    h. Defendant denies the allegations in Subparagraph h.

    i. Defendant denies the allegations in Subparagraph i.

71. Defendant denies the allegations in Paragraph 71.

///

72. Paragraph 72 alleges a conclusion of law, which requires no response from Defendant.

## SECOND CLAIM FOR RELIEF
## Section 504 of the Rehabilitation Act
## 29 U.S.C. §§ 794, *et. seq.*
## (By Plaintiff Against All Defendants)

73. Defendant incorporates by reference her response to Paragraphs 1 through 72 of the Complaint.

74. Paragraph 74 alleges a conclusion of law, which requires no response from Defendant.

75. Defendant is without sufficient knowledge or information to form a belief as to the allegations in Paragraph 75, and, on that basis, denies the allegations in Paragraph 75.

76. Defendant is without sufficient knowledge or information to form a belief as to the allegations in Paragraph 76, and, on that basis, denies the allegations in Paragraph 76.

77. Defendant admits the allegations in Paragraph 77.

78. Defendant denies the allegations in Paragraph 78.
    a. Defendant denies the allegations in Subparagraph a.
    b. Defendant denies the allegations in Subparagraph b.
    c. Defendant denies the allegations in Subparagraph c.
    d. Defendant denies the allegations in Subparagraph d.
    e. Defendant denies the allegations in Subparagraph e.
    f. Defendant denies the allegations in Subparagraph f.
    g. Defendant denies the allegations in Subparagraph g.

79. Defendant denies the allegations in Paragraph 79.

80. Defendant denies the allegations in Paragraph 80.

///

81. Paragraph 81 alleges a conclusion of law, which requires no response from Defendant.

## THIRD CLAIM FOR RELIEF
## Unruh Civil Rights Act
## California Civil Code §§ 51, *et. seq.*
## (By Plaintiff Against All Defendants)

82. Defendant incorporates by reference her response to Paragraphs 1 through 81 of the Complaint.

83. Defendant denies the allegations in Paragraph 83.

84. Paragraph 84 alleges a conclusion of law, which requires no response from Defendant.

85. Defendant is without sufficient knowledge or information to form a belief as to the allegations in Paragraph 85, and, on that basis, denies the allegations in Paragraph 85.

86. Defendant denies the allegations in Paragraph 86.

87. Defendant denies the allegations in Paragraph 87.

88. Defendant denies the allegations in Paragraph 88.

## FOURTH CLAIM FOR RELIEF
## California Government Code § 11135
## (By Plaintiff Against All Defendants)

89. Defendant incorporates by reference her response to Paragraphs 1 through 88 of the Complaint.

90. Paragraph 90 alleges a conclusion of law, which requires no response from Defendant.

91. Defendant is without sufficient knowledge or information to form a belief as to the allegations in Paragraph 91, and, on that basis, denies the allegations in Paragraph 91.

92. Defendant admits the allegations in Paragraph 92.

93. Defendant denies the allegations in Paragraph 93.

94. Defendant denies the allegations in Paragraph 94.

95. Defendant denies the allegations in Paragraph 95.

96. Defendant denies the allegations in Paragraph 96.

## FIFTH CLAIM FOR RELIEF

### California Education Code §§ 200, 201 220

### (By Plaintiff Against All Defendants)

97. Defendant incorporates by reference her response to Paragraphs 1 through 96 of the Complaint.

98. Paragraph 98 alleges a conclusion of law, which requires no response from Defendant.

99. Paragraph 99 alleges a conclusion of law, which requires no response from Defendant.

100. Paragraph 100 alleges a conclusion of law, which requires no response from Defendant.

101. Defendant is without sufficient knowledge or information to form a belief as to the allegations in Paragraph 101, and, on that basis, denies the allegations in Paragraph 101.

102. Defendant admits the allegations in Paragraph 102.

103. Defendant denies the allegations in Paragraph 103.

## SIXTH CLAIM FOR RELIEF

### California Education Code § 32282

### (By Plaintiff against Defendant San Diego Unified School District)

104. Defendant incorporates by reference her response to Paragraphs 1 through 103 of the Complaint.

105. Defendant denies that San Diego Unified School District has violated California Education Code section 32282. Defendant is without sufficient knowledge or information to form a belief as to the remaining allegations in

Paragraph 105, and, on that basis, denies the remaining allegations in Paragraph 105.

106. Defendant denies the allegations in Paragraph 106.

107. Defendant denies the allegations in Paragraph 107.

## PRAYER FOR RELIEF

108. Defendant denies that Plaintiff is entitled to any form of relief requested in the Complaint.

109. Defendant denies that Plaintiff is entitled to any form of relief requested in the Complaint.

110. Defendant denies that Plaintiff is entitled to any form of relief requested in the Complaint.

111. Defendant denies that Plaintiff is entitled to any form of relief requested in the Complaint.

112. Defendant denies that Plaintiff is entitled to any form of relief requested in the Complaint.

113. Defendant denies that Plaintiff is entitled to any form of relief requested in the Complaint.

114. Defendant denies that Plaintiff is entitled to any form of relief requested in the Complaint.

115. Defendant denies that Plaintiff is entitled to any form of relief requested in the Complaint.

## AFFIRMATIVE DEFENSES

For a further and separate answer to the allegations contained in Plaintiff's complaint, Defendant submits the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

Defendant is informed and believes, and thereon alleges, that Plaintiff's complaint, and each cause of action therein, fails to state a claim upon which relief

1 | may be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Standing)

Defendant is informed and believes, and thereon alleges, that Plaintiff's complaint, and each cause of action therein, fails as a matter of law because Plaintiff lacks standing to seek the relief requested.

## THIRD AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

Defendant is informed and believes, and thereon alleges, that Plaintiff's complaint, and each cause of action brought therein, is barred by reason of the fact that Plaintiff has failed to exhaust all administrative remedies, including those required by state statute, and necessary to comply with all prerequisites to the filing of this civil action.

## FOURTH AFFIRMATIVE DEFENSE

### (Statutes of Limitation)

Defendant is informed and believes, and thereon alleges, that Plaintiff's complaint, and each cause of action therein, is barred by the applicable statutes of limitation, including, but not limited to, California Government Code section 945.6.

## FIFTH AFFIRMATIVE DEFENSE

### (Tort Claim Presentation)

Defendant is informed and believes, and thereon alleges, that Plaintiff has failed to comply with the claims presentation and/or filing requirements of California Government Code section 900 et seq., including but not limited to sections 901, 905, 910, 911.2, 945.4, 945.6, 950.2, and California Code of Civil Procedure section 313.

/ / /

/ / /

/ / /

## SIXTH AFFIRMATIVE DEFENSE
### (Lawful Conduct)

Defendant is informed and believes, and thereon alleges, that Plaintiff is barred from asserting the claims alleged in the complaint since at all times relevant to the complaint, Defendant properly complied with relevant California and federal law, acted in reliance upon such operative law, statutes, and regulations, and believed such law, statutes, and regulations had not been declared unconstitutional or otherwise unlawful by a court of competent jurisdiction a the time of Defendant's alleged actions.

## SEVENTH AFFIRMATIVE DEFENSE
### (Consent)

Defendant is informed and believes, and thereon alleges, that Plaintiff's complaint, and each cause of action therein, fails because Plaintiff consented, either expressly or impliedly, to any such acts or conduct as may be shown on the part of Defendant.

## EIGHTH AFFIRMATIVE DEFENSE
### (No Discrimination)

Defendant is informed and believes, and thereon alleges, that Plaintiff's complaint, and each cause of action therein, fails because at no time did Defendant act with the purpose or intent or violating Plaintiff's civil rights, nor did Defendant's actions have a disproportionate impact on Plaintiff.

## NINTH AFFIRMATIVE DEFENSE
### (Justification and Privilege)

Defendant is informed and believes, and thereon alleges, that Plaintiff's complaint, and each cause of action therein, is barred because the actions, if any, taken by Defendant or Defendant's employees or agents were privileged, immune, justifiable, based solely on good faith, conducted in a reasonable manner, and otherwise consistent with all applicable obligations and duties of Defendant.

## TENTH AFFIRMATIVE DEFENSE
## (Equal Participation with Accommodations)

Defendant is informed and believes, and thereon alleges, that Plaintiff's complaint, and each cause of action therein, is barred because Plaintiff has received the benefits of full and equal participation in the Defendant's programs and services and has not been denied any reasonable accommodations.

## ELEVENTH AFFIRMATIVE DEFENSE
## (Fundamental Alteration)

Defendant is informed and believes, and thereon alleges, that Plaintiff's complaint, and each cause of action brought therein, is barred because the relief demanded would, if granted, result in a fundamental alteration of the District's services.

## TWELFTH AFFIRMATIVE DEFENSE
## (Mootness)

Defendant is informed and believes, and thereon alleges, that Plaintiff's complaint, and each cause of action brought therein, is barred by mootness.

## THIRTEENTH AFFIRMATIVE DEFENSE
## (Waiver/Estoppel)

Defendant is informed and believes, and thereon alleges, that Plaintiff, by her act and conduct, has waived her rights to the relief sought in the complaint, or is estopped from receiving such relief.

## FOURTEENTH AFFIRMATIVE DEFENSE
## (Balance of Equities)

Defendant is informed and believes, and thereon alleges, that Plaintiff is barred from recovering any relief in this action because the balance of equities weighs in favor of not granting Plaintiff's requested relief.

/ / /

/ / /

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Governmental Immunities)

Plaintiff's claims are barred by governmental immunities provided to public entities and their employees, including, but not limited to, the immunities provided in Government Code sections 815, 815.2, 815.3, 815.6, 818, 818.2, 818.4, 818.8, 820, 820.2, 820.4, 820.8, 821, 821.2, 821.4, and 822.2, including all relevant subsections.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Reservation of Rights)

Defendant is informed and believes, and thereon alleges, that she may have additional, as yet unasserted, defenses to Plaintiff's complaint or the purported causes of action contained therein. Defendant specifically reserves the right to assert additional defenses as deemed appropriate at a later time.

Wherefore, Defendant prays that:

1. Plaintiff takes nothing by way of her complaint;
2. For reasonable attorneys' fees incurred in defending this suit;
3. Defendant's costs of suit herein; and
4. For such other and further relief as the court deems just and proper.

Dated: July 27, 2020

PAUL, PLEVIN, SULLIVAN & CONNAUGHTON LLP

By: */s/ Michael C. Sullivan*
MICHAEL C. SULLIVAN
Attorneys for Defendants San Diego Unified School District; Cindy Marten